UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 19-cr-318 (JRT/ECW) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |
| RAIVON TREYSHAN BALENGER, | |
| Defendant. | |

Thomas Calhoun-Lopez, **UNITED STATES ATTORNEY'S OFFICE**, 300 South 4th Street, Suite 600, Minneapolis, Minnesota 55415, for plaintiff;

Douglas Olson, **OFFICE OF THE FEDERAL DEFENDER**, 300 South 4th Street, Suite 107, Minneapolis, Minnesota 55415, for defendant.

On December 10, 2019, Defendant Raivon Treyshan Balenger was indicted on one count of Felon in Possession of Firearm after police officers discovered a firearm on his person following a foot chase. Balenger subsequently filed a Motion to Suppress Evidence Obtained as a Result of Search and Seizure on the basis that his warrantless arrest was not supported by probable cause. Magistrate Judge Elizabeth Cowan Wright issued a Report and Recommendation ("R&R") denying Balenger's Motion after finding that probable cause did, in fact, exist. Balenger objected to the R&R, primarily arguing that fleeing police officers was insufficient for a finding of probable cause. After a de novo review, the Court finds that the totality of circumstances support a finding of probable

cause. As such, the Court will overrule Balenger's Objections, adopt the Magistrate Judge's R&R, and deny Balenger's Motion to Suppress.

## BACKGROUND

### I. FACTUAL BACKGROUND

There are no objections to the factual statements contained in the Magistrate Judge's Order, which the Court adopts and summarizes here.

On November 9, 2019 at approximately midnight, Officer Pheng Xiong[1] responded to the intersection of Carroll and Avon after a witness reported seeing someone—a taller black male wearing a buttoned-up shirt—firing a gun with a green laser sight into the air. (Transcript ("Tr.") at 7–8, Apr. 13, 2020, Docket No. 38.) As Xiong approached the scene of the incident, he observed Balenger standing by himself up against the side of a nearby apartment building. (*Id.* at 9.) Xiong testified that Balenger appeared to be hiding given the way he was positioned up against the wall of the apartment building. (*Id.*) Balenger matched the description of the suspect; he was a taller black male with a buttoned-up shirt and nearby the scene of the incident. (*Id.* at 10.)

Xiong shined his police squad car's spotlight on Balenger who looked at him, turned around, and began jogging away. (*Id.*) Xiong repeatedly yelled to Balenger that Xiong was the police and Balenger should stop. (*Id.*) Balenger failed to stop and instead continued

---

[1] Xiong is a canine officer for the St. Paul Police Department and was working with canine partner Tripp on the night of the incident.

to run into a parking lot and then in between two buildings in the apartment complex. (*Id.* at 11.) Xiong exited his vehicle and continuously yelled at Balenger "Police, police canine," but Balenger continued to run and then jumped a fence. (*Id.* at 11–12)

Xiong and another officer eventually caught up with Balenger around a car in a parking lot. (*Id.* at 15.) As he approached, Xiong noticed that Balenger was grabbing at the waist of his pants which led Xiong to believe he might be reaching for a firearm. (*Id.* at 16.) Xiong grabbed Balenger and they fell onto the hood of the car. (*Id.* at 15.) Balenger initially did not follow directions, but officers eventually were able to handcuff him. (*Id.* at 16.) The other officer at the scene, Joseph Piram, conducted a pat-down search of Balenger and found a firearm with a green laser matching the description of the firearm seen by the witness. (*Id.* at 17–19.)

## II. PROCEDURAL BACKGROUND

On December 10, 2019, Balenger was indicted on one count of Felon in Possession of Firearm. (Indictment, Dec. 10, 2019, Docket No. 10.) On January 17, 2020, Balenger filed a Motion to Suppress Evidence Obtained as a Result of Search and Seizure. (Mot. to Suppress, Jan. 17, 2020, Docket No. 22.) Specifically, Balenger asserts that he was arrested without a warrant and without probable cause on November 9, 2019, and any evidence resulting from that arrest, including the firearm, should be suppressed. (Def's Mem. Supp. Mot. to Suppress, Apr. 10, 2020, Docket No. 37.)

On May 26, 2020, Magistrate Judge Elizabeth Cowan Wright issued an R&R denying Balenger's Motion to Suppress on the basis that Xiong "had probable cause to arrest Balenger for violating Minn. Stat. § 609.487, subd. 6 as a result of his flight from police." (R. & R. at 9, May 26, 2020, Docket No. 41.) The Magistrate Judge also found that "[o]nce probable cause for an arrest existed, officers had the ability to conduct a pat-down search of Balenger incident to arrest." (*Id.* at 10.)

On June 23, 2020, Balenger filed an Objection to the R&R, reiterating his argument that "[t]he officer lacked probable cause to arrest him before, during, and after he ran, therefore, the gun, recovered during the search incident to arrest, should be suppressed." (Obj. to R. & R. at 6, June 23, 2020, Docket No. 45.) Balenger specifically objects to the Magistrate Judge's conclusion that Balenger violated Minn. Stat. § 609.487; he claims he was "free to ignore the officer's command and leave on his own volition." (*Id.*) Ultimately, Balenger claims that matching the general description of a suspect and running from police does not equate to probable cause. (*Id.* at 5.)

## DISCUSSION

**I.   STANDARD OF REVIEW**

Upon the filing of an R&R by a Magistrate Judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); accord D. Minn. Local R. 72.2(b)(1). "The district judge must determine de novo

any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); accord D. Minn. Local R. 72.2(b)(3).

## II.  PROBABLE CAUSE TO ARREST

Police officers may arrest a suspect without a warrant if they have "probable cause to believe that [the suspect] has committed or is committing a crime." *United States v. Winarske*, 715 F.3d 1063, 1066 (8th Cir. 2013) (citing *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004)).  As the Magistrate Judge noted, "'[t]o determine whether an officer had probable cause to arrest an individual, we examine the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause.'" *Id.* (quoting *Maryland v. Pringle*, 540 U.S. 366, 371 (2003)).  The officer need not have "witness[ed] actual criminal activity or . . . collected enough evidence so as to justify a conviction for there to be a legitimate finding of probable cause to justify a warrantless arrest.  Instead, the mere 'probability or substantial chance of criminal activity . . . ' is all that is required." *Id.* at 1067 (citation omitted) (quoting *United States v. Mendoza*, 421 F.3d 663, 667 (8th Cir. 2005)). The test for probable cause is based on a "totality of the circumstances" analysis. *Borgman v. Kedley*, 646 F.3d 518, 523 (8th Cir. 2011).

Balenger correctly points out that running away from a police officer does not by itself satisfy probable cause, but it may be a relevant consideration when considered in context with the totality of the circumstances.  *See United States v. Hathaway*, No. CR.

03-245 JRT/FLN, 2004 WL 234399, at *3–4 (D. Minn. Jan. 23, 2004).  Indeed, the Court has previously held that probable cause existed in a warrantless arrest of a suspected bank robber when (1) the suspect matched the general description of the bank robber; (2) the suspect was in the neighborhood where the bank robbery occurred; and (3) the suspect attempted to flee when confronted by officers.  *Id.*  Similar facts exist here: Balenger matched the general description of the suspect;  Balenger was near the scene of the incident and was leaned up against the wall of the apartment building as if he were hiding; and Balenger took off running when the police confronted him.

>   Moreover, Minn. Stat. § 609.487 provides:

> > Fleeing, other than vehicle. Whoever, for the purpose of avoiding arrest, detention, or investigation, or in order to conceal or destroy potential evidence related to the commission of a crime, attempts to evade or elude a peace officer, who is acting in the lawful discharge of an official duty, by means of running, hiding, or by any other means except fleeing in a motor vehicle, is guilty of a misdemeanor.

Minn. Stat. § 609.487, subd. 6.  It is undisputed that Officer Xiong had reasonable suspicion to conduct an investigatory stop of Balenger and attempted to conduct such a stop by calling out to Balenger, causing Balenger to flee.  Even if the totality of the circumstances above did not support probable cause, Officer Xiong attained probable cause to arrest Balenger based on a violation of § 609.487 when Balenger fled to avoid Xiong's investigation based on reasonable suspicion.

Accordingly, on de novo review, the Court finds that probable cause existed to arrest Balenger and the subsequent pat-down search was incident to this arrest. *See United States v. Haynes*, 958 F.3d 709, 715 (8th Cir. 2020) ("But we have held that once probable cause exists, an officer may conduct a pat-down search incident to arrest." (citing *United States v. Jerde*, 481 F. App'x 280, 282–83 (8th Cir. 2012)). As such, the evidence obtained from Balenger's lawful arrest will not be suppressed.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Objections to the Report and Recommendation [Docket No. 45] are **OVERRULED**;

2. The Magistrate Judge's May 26, 2020 Report and Recommendation [Docket No. 41] is **ADOPTED**;

3. Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 22] is **DENIED**.

DATED: August 10, 2020  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court