UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.: 19-318 (JRT/ECW)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | PLEA AGREEMENT |
| v. ) | AND SENTENCING |
| ) | STIPULATIONS |
| RAIVON TREYSHAN BALENGER, ) | |
| ) | |
| Defendant. ) | |

The United States of America and Raivon Treyshan Balenger (hereinafter referred to as "Defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the Defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The Defendant agrees to plead guilty to Count 1 of the Indictment, which charges the Defendant with possession of a firearm as a felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

2. **Factual Basis.** The Defendant agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt:

On November 9, 2019, the Defendant possessed a Smith & Wesson model M&P Shield .40 caliber semi-automatic pistol bearing serial number LEJ9284. The Defendant possessed the firearm while standing outside an apartment building on Concordia Avenue

in St. Paul. Officers of the St. Paul Police Department responded to the scene after a woman saw the Defendant walking around the apartment complex with the firearm, and called 911. Officers apprehended the Defendant after a foot chase and a struggle.

The firearm had been reported stolen from Oakdale, Minnesota. The firearm had a green laser sight attached to it. An ATF interstate nexus expert indicated that the firearm was not manufactured in Minnesota, and necessarily traveled in interstate commerce in order to have been possessed by the Defendant on November 9, 2019.

When the Defendant possessed the firearm on November 9, 2019, he had been convicted of the following crimes, each of which was punishable by imprisonment for a term exceeding one year:

| Offense | Place of Conviction | Date of Conviction (On or About) |
|---|---|---|
| Possession of a Firearm with Altered Serial Number | Ramsey County, MN | July 6, 2010 |
| 5th Degree Possession of a Controlled Substance | Ramsey County, MN | October 18, 2013 |
| 2nd Degree Assault | Dakota County, MN | September 29, 2014 |
| 1st Degree Aggravated Robbery | Ramsey County, MN | June 25, 2014 |

Prior to November 9, 2019, the Defendant knew he had been convicted of at least one offense punishable by imprisonment for a term exceeding one year.

The Defendant admits and agrees that he knowingly possessed the Smith & Wesson model M&P Shield .40 caliber semi-automatic pistol on November 9, 2019.

2

3. **Statutory Penalties.** The parties agree that Count 1 of the Indictment carries statutory penalties of:

    a. a maximum term of imprisonment of 10 years;

    b. a supervised release term of up to three years;

    c. a fine of up to $250,000; and

    d. a mandatory special assessment of $100.00.

4. **Revocation of Supervised Release.** The Defendant understands that if he were to violate any condition of supervised release, the Defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

5. **Guideline Calculations.** The parties acknowledge that the Defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

    a. **Base Offense Level.** The parties agree that, because the Defendant committed the instant offense subsequent to sustaining two felony convictions of crimes of violence, the base offense level for Count 1 of the Indictment is **24**. U.S.S.G. § 2K2.1(a)(2).

    b. **Specific Offense Characteristics.** The United States contends that, because the firearm was stolen, **2** levels should be added. U.S.S.G. § 2K2.1(b)(4)(A). The Defendant does not agree that the provisions of U.S.S.G. § 2K2.1(b)(4)(A) apply, and reserves the right to argue that position at sentencing. The United States contends that, because the Defendant possessed the firearm in connection with another felony offense, **4** levels

3

should be added. U.S.S.G. § 2K2.1(b)(6)(B). The Defendant does not agree that the provisions of U.S.S.G. § 2K2.1(b)(6)(B) apply, and reserves the right to argue that position at sentencing. The parties agree that no other specific offense characteristics apply.

c.  Chapter 3 Adjustments. The parties agree that, other than credit for acceptance of responsibility, no Chapter 3 adjustments apply.

d.  Acceptance of Responsibility. The United States agrees to recommend that the Defendant receive a **3-level** reduction for acceptance of responsibility and to make any appropriate motions with the Court. However, the Defendant understands and agrees that this recommendation is conditioned upon the following: (i) the Defendant testifies truthfully during the change of plea hearing, (ii) the Defendant cooperates with the Probation Office in the preparation of the Pre-sentence Report, and (iii) the Defendant commits no further acts inconsistent with acceptance of responsibility. U.S.S.G. § 3E1.1.

e.  Criminal History Category. Based on information available at this time, the parties believe that the Defendant's criminal history category is **VI**. This does not constitute a stipulation, but an assessment based on the information currently known. The parties acknowledge that the Defendant's actual criminal history category and related status (which might impact the Defendant's adjusted offense level) will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing.

f.  Guideline Range.

The United States's view of the appropriate sentencing calculations as outlined above would result, after an adjustment for acceptance of responsibility, in an offense level of **27**. If the United States's position is adopted by the Court, and the Defendant's criminal history category is **VI**, the Sentencing Guideline range for Count 1 would be **130–162 months'** imprisonment. Because this range exceeds the statutory maximum of **120 months**, the Guideline range would become **120 months'** imprisonment. 18 U.S.C. §24(a)(2); U.S.S.G. § 5G1.1(a).

The Defendant's view of the appropriate sentencing calculations as outlined above would result, after an adjustment for acceptance of responsibility, in an offense level of **21**. If the Defendant's position is adopted by the Court, and the criminal history category is **VI**, the Sentencing Guideline range for Count 1 would be **77–96 months'** imprisonment.

4

g. **Fine.** If the adjusted offense level is **27**, the applicable fine range is **$25,000 to $250,000**. If the adjusted offense level is **21**, the applicable fine range is **$15,000 to $150,000**. U.S.S.G. § 5E1.2(c)(3).

h. **Supervised Release.** The Sentencing Guidelines call for a term of supervised release of between one and three years for Count 1. U.S.S.G. § 5D1.2(a)(2).

i. **Sentencing Recommendation and Departures.** The parties reserve the right to make departure motions and to oppose any such motions made by the opposing party. The parties also reserve the right to argue for a sentence outside the advisory guidelines range.

6. **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable guideline factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines. If the Court determines that the applicable guideline calculations or the Defendant's criminal history category is different from that stated above, such a determination shall not provide a basis for the parties to withdraw from this agreement, and the Defendant will be sentenced pursuant to the Court's determinations.

7. **Special Assessments.** The Sentencing Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which the Defendant is convicted. U.S.S.G. § 5E1.3. The Defendant agrees to pay the special assessment prior to sentencing.

8. **Forfeiture.** The Defendant agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section

5

2461(c), any firearm with accessories and any ammunition involved in the Defendant's violation of Title 18, United States Code, Section 922, including specifically but not limited to the Smith & Wesson model M&P Shield .40 caliber semi-automatic pistol bearing serial number LEJ9284, together with ammunition, charged in Count 1 of the Indictment.

The Defendant further agrees that, pursuant to Fed. R. Crim. P. 32.2(b)(2) and (3), the Court may enter a Preliminary Order of Forfeiture for the above-described forfeitable property immediately upon the entry of the Defendant's guilty plea, which order will be final as to the Defendant immediately upon filing of the Preliminary Order of Forfeiture. The order of forfeiture shall be made a part of the Defendant's sentence and included in the Judgment.

The Defendant also agrees that the United States may forfeit any and all other property subject to forfeiture as a result of the Defendant's plea by any means provided by law.

9. **Complete Agreement.** This, along with any agreement signed by the parties before the entry of the plea, is the entire agreement and understanding between the United States and the Defendant.

Dated: 1/06/2022

CHARLES J. KOVATS, JR.
Acting United States Attorney

BY: THOMAS CALHOUN-LOPEZ
Assistant United States Attorney

Dated: 1/8/22

RAIVON TREYSHAN BALENGER
Defendant

Dated: 1/10/22

DOUGLAS OLSON, ESQ.
Counsel for Defendant